IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

JASON RIPLEY                                                                                                PETITIONER
Reg. #09998-010

v.                                          2:22-cv-00197-BSM-JJV

JOHN P. YATES, Warden,
FCI – Forrest City Medium                                                                       RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this recommendation. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

### DISPOSITION

I.  INTRODUCTION

Petitioner Jason Ripley, an inmate at the Forrest City Medium Federal Correctional Institution, brings this 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus *pro se*. (Doc. No. 1.) He contends the Bureau of Prisons ("BOP") has improperly denied him jail time credit. (*Id*. at 7, 9.) After careful consideration of Mr. Ripley's Petition as well as the Response (Doc. No. 7), I recommend the Petition be dismissed with prejudice.

II.  FACTS

Mr. Ripley was arrested by Arkansas authorities on October 4, 2016, after a parole search found him to be in possession of a firearm. (Doc. No. 7-1 at 4-5.) He was charged in the Circuit Court of Garland County with possession of a firearm by certain persons, a Class B felony, and a parole hold was placed. (*Id*. at 4, 6-7.) His parole was revoked on November 21, 2016, and he was transported to the Arkansas Department of Correction ("ADC") on December 27, 2016. (*Id*. at 1, 11, 14.) The felon-in-possession charge was dismissed on April 10, 2017. (*Id*. at 17.)

On April 18, 2017, Mr. Ripley was indicted in the United States District Court for the Western District of Arkansas for being a felon in possession of a firearm. (*Id*. at 19.) He was transferred to United States Marshal Service ("USMS") custody via writ of habeas corpus *ad prosequendum* on April 28, 2017, so that he could appear for proceedings on the federal charge. (*Id*. at 1, 21-22, 24-25.) He pleaded guilty and was sentenced on April 5, 2018, to "seventy-seven (77) months with credit for time served in federal custody." (*Id*. at 27-29.) On April 17, 2018, Mr. Ripley was returned to state authorities. (*Id*. at 1, 24.) He was paroled from the ADC on June 1, 2018, and entered federal custody pursuant to the detainer. (*Id*. at 2, 11, 24, 31-37.) The BOP calculated his sentence as commencing on June 1, 2018. (*Id*. at 2.)

**III.   ANALYSIS**

Mr. Ripley argues he is entitled to credit against his federal sentence for the time he served in federal custody. (Doc. No. 1 at 9.) Specifically, he maintains he is entitled to credit for the period between April 19, 2017 – the day after he was indicted – and April 6, 2018 – the day after he was sentenced on the federal charge. (*Id*.)

The problem with Mr. Ripley's argument is that this time was already credited against his state sentence. In accordance with 18 U.S.C. § 3585(b), "[a] defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the

date the sentence commences . . . that has not been credited against another sentence." By enacting this provision, "Congress made clear that a defendant could not receive a double credit for his detention time." *United States v. Wilson*, 503 U.S. 329, 337 (1992). *See also United States v. Dennis*, 926 F.2d 768, 770 (8th Cir. 1991) (per curiam) (where a defendant receives credit against a state sentence for time spent in state custody, he is not entitled to credit the same time against a federal sentence). During the time period at issue, Mr. Ripley was serving a state sentence for the violation of his parole. Because he received credit against his state sentence, the time may not be credited against his federal sentence too.

It is true that Mr. Ripley was in USMS custody from April 28, 2017, to April 17, 2018. (Doc. No. 7-1 at 24.) However, he remained under Arkansas's primary jurisdiction during that time:

> Pursuant to the doctrine of primary jurisdiction, service of a federal sentence generally commences when the United States takes primary jurisdiction and a prisoner is presented to serve his federal sentence, not when the United States merely takes physical custody of a prisoner who is subject to another sovereign's primary jurisdiction. *See United States v. Hayes*, 535 F.3d 907, 909-10 (8th Cir. 2008); *see also* 18 U.S.C. § 3585(a) ("A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served."); *Binford v. United States*, 436 F.3d 1252, 1256 (10th Cir. 2006) (sentence begins when received into custody for purpose of serving sentence, not when received into custody at an earlier time on a writ for the purpose of adjudicating federal claims).

*Elwell v. Fisher*, 716 F.3d 477, 481 (8th Cir. 2013). The first sovereign to take physical custody of a defendant retains primary jurisdiction until releasing that jurisdiction. *Id*. (citing *United States v. Cole*, 416 F.3d 894, 897 (8th Cir. 2005) ("As between the state and federal sovereigns, primary jurisdiction over a person is generally determined by which one first obtains custody of, or arrests, the person.")).

Arkansas was the first sovereign to take physical custody of Mr. Ripley in October 2016 when he was arrested and charged with violating the conditions of his parole. *Id*. at 481-82. When the United States obtained physical custody of Mr. Ripley on April 28, 2017, based on the writ of habeas corpus *ad prosequendum*, "the transfer of physical control over [Mr. Ripley's] custody from [Arkansas] to the United States did not terminate [Arkansas's] primary jurisdiction." *Id*. at 482 (citing *Hayes*, 535 F.3d at 910). Rather, Mr. Ripley remained subject to Arkansas's primary jurisdiction and was "merely and temporarily 'on loan' to the United States." *Id*.

Accordingly, although Mr. Ripley was held in USMS custody prior to the imposition of his federal sentence, the BOP correctly denied him credit for this period. He remained under Arkansas's primary jurisdiction during that time, and he received credit against his Arkansas sentence.

## IV.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED that Mr. Ripley's § 2241 Petition for Writ of Habeas Corpus (Doc. No. 1) be DISMISSED with prejudice.

DATED this 9th day of March 2023.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE